# NEW YORK LIFE INSURANCE COMPANY *v.* HENRY C. HAPAI, DEPUTY INSURANCE COMMISSIONER OF THE TERRITORY OF HAWAII.

RESERVED QUESTION FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED JANUARY 27, 1913.                    DECIDED FEBRUARY 4, 1913.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

TAXATION—*life insurance companies—tax on amount of business done.*
    Section 2621 of the Revised Laws, as amended by Act 65 of the Laws of 1911, which imposes upon all life insurance companies doing business in the Territory a tax upon "the gross premiums received from all business done within the Territory during the year ending on the preceding 31st day of December," less certain deductions, requires that in estimating the amount of the tax there shall be included the renewal premiums received during the year upon policies issued prior to the year in question.

New York Life Ins. Co. v. Hapai, 21 Haw. 424.

OPINION OF THE COURT BY ROBERTSON, C.J.

This is an action to recover money paid by the plaintiff to the defendant under protest.·

The undisputed facts are that the plaintiff is a New York corporation lawfully doing a life insurance business in this Territory; that upon the demand of the defendant, the deputy insurance commissioner of the Territory, acting in the premises in the absence of the insurance commissioner, the plaintiff paid the sum of $2807.32, claimed by the defendant as being the sum due from the plaintiff as and for a tax of two per cent. on the gross premiums received from all business done by the plaintiff in the Territory during the year ending December 31, 1911, less return premiums, re-insurance in companies or corporations authorized to do business in this Territory, and operating and business expenses; that the plaintiff made the payment under protest in writing setting forth the grounds of protest, and notified the defendant that it would institute suit to recover the money; that the gross amount of renewal premiums received by the plaintiff upon policies held in this Territory, was $142,473.67, the gross amount of premiums upon policies issued during the year was $13,675.54; that the return premiums amounted to $43,420.39; that the business and operating expenses amounted to $15,783; and that the tax demanded was upon the sum of the two items of premiums less the amount of the business and operating expenses. It appears that the sum of $63.34 was paid out by the company for "tontine annuities." The item was not explained and we are unable to say that it belongs within the category of return premiums.

The statute, section 2621 of the Revised Laws, as last amended by Act 65 of the Session Laws of 1911, in-so-far as it is involved here, provides that "All insurance companies or corporations doing business in this Territory must file with the commissioner annually, on or before the first day of June, in

each year hereafter, a statement under oath, setting forth the amount of gross premiums received by said companies or corporations, during the year ending December 31, next preceding, from all risks located in, and all business done, within this Territory. * * * * and all life insurance companies shall pay to the treasurer, through the insurance commissioner, a tax of two per cent. on the gross premiums received from all business done within this Territory, during the year ending on the preceding 31st day of December, less return premiums, re-insurance in companies or corporations authorized to do business in this Territory, when such re-insurance is placed through or with local agents, and operating and business expenses, which taxes, when paid, shall be in settlement of all demands of any taxes or licenses or fees of every character imposed by the laws of the Territory," with an immaterial exception.

The defendant now concedes that in determining the amount of the tax due from the plaintiff there should be deducted the amount of the return premiums as above stated as well as the business and operating expenses.

The plaintiff's contention is that the words of the statute, "the gross premiums received from all business done," mean premiums received upon new policies issued during the year. And it is argued that if the legislature intended to include the premiums received upon the renewal of policies issued in prior years the words "from all business done" would not have been used because the words "the gross premiums" would have expressed the idea. The contention is, in other words, that the statute imposes the tax upon the amount of the premiums received upon new policies issued during the year, less the deductions specified, which, in this case, would leave nothing due from the plaintiff by way of taxes for the year ending December 31, 1911. But the defendant, among other points, urges that if the legislature had in mind premiums upon new policies only no deduction for return premiums would have been author-

ized because there are no return premiums upon policies issued within the year. The controversy seems to revolve on the point whether the collecting of renewal premiums upon policies issued prior to the year in question was "business done within this Territory during the year." The statute requires that in arriving at the amount of the tax there must be included "the gross premiums received from all" such business.

In *Metropolitan Life Ins. Co.* v. *Darenkamp,* 66 S. W. (Ky.) 1125, a city ordinance which required every life, fire, accident, casualty or indemnity insurance company doing business in the city to pay a tax on "premiums received on business done," etc., was held not to include the premiums collected on all outstanding policies. The court said, "The particular phraseology of the ordinance we are asked to construe, 'premiums received on business done' is very obscure, and, if any meaning is to be attached to the words 'on business done' we must conclude that they refer to premiums paid upon new policies issued by the company," and that "If the ordinance did not mean this they should have been omitted altogether." In the ordinance there construed life insurance was coupled with and treated like other forms of insurance of a different character, and there appears to have been no provision for the deduction of return premiums. We think a similar construction ought not to be placed upon our statute. We think that the words "all business done," even if they were unnecessary, very likely were used in order to make it clear that the premiums to be included were not those realized from new business only but from all business done during the year. We believe that the receiving of renewal premiums would generally be regarded as doing business. *Connecticut Mutual Life Ins. Co.* v. *Spratley,* 172 U. S. 602, 611. And to construe the words "the gross premiums received from all business done" as including renewal premiums received upon policies issued prior to the year last preceding the making of the return is to give to them a reason-

able and usual signification and one which harmonizes with the context.

The circuit court reserved the question whether, upon the facts stated, the plaintiff is entitled to judgment and, if so, for what sum. We hold that the defendant was entitled to demand from the plaintiff two per cent. on the difference between the amount of the gross premiums ($156,149.21) and the sum of the return premiums and operating expenses ($59,203.39) which would be $1938.91, and, therefore, that the plaintiff is entitled to judgment in the sum of $868.41.

*A. A. Wilder (Thompson, Wilder, Watson & Lymer* on the brief) for plaintiff.

*L. P. Scott, Deputy Attorney General (Wade Warren Thayer, Attorney General,* with him on the brief), for defendant.